UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| RITA F. GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 12-79-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

The plaintiff, Rita Gray, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c) to obtain judicial review of an administrative decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB"). In response to Gray's motion for summary judgment [R. 9], the Commissioner moves for entry of judgment with remand [R. 13.] Gray objects to the motion and asserts that she is entitled an immediate award of DIB. [R. 14.] The Court, having reviewed the record and for the reasons stated herein, will grant the Commissioner's motion for entry of judgment with remand.

**I.**

Gray filed her application for DIB on January 22, 2008. [Transcript ("Tr.") 113.] She alleges disability, beginning November 9, 2007, due to the residuals of left knee replacement, blood disorders and a bad back. [Tr. 113, 160.] The plaintiff's application was denied initially on April 24, 2008 [Tr. 59], and again upon reconsideration on June 9,

1

2008. [Tr. 60.] An Administrative hearing was conducted before Administrative Law Judge ("ALJ") Ronald T. Jordan on March 8, 2010. [Tr. 38-58.] During the hearing, the ALJ heard testimony from Gray and Vocational Expert ("VE") Stephanie Archer. At the time of the hearing, Gray was a forty-eight-year-old former crater, machine tender and assembler with a high school education. [Tr. 31-32.]

In evaluating a claim of disability, an ALJ conducts a five-step analysis. See 20 C.F.R. 416.920.[2] First, if a claimant is working at a substantial gainful activity, she is not disabled. 20 C.F.R. § 416.920(b). Second, if a claimant does not have a severe impairment, she is not disabled. 20 C.F.R. § 416.920(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix I, she is disabled. 20 C.F.R. § 416.920(d). Fourth, if a claimant's impairments do not prevent her from performing past relevant work, she is not disabled. 20 C.F.R. § 416.920(e). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from performing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 416.1520(f).

In this action, at Step 1, the ALJ found that Gray had not engaged in substantial gainful activity since the alleged DIB onset date of November 9, 2007 through the date of

---

[2]The Sixth Circuit Court of Appeals summarized this process in *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469 (6th Cir. 2003):

> To determine if a claimant is disabled within the meaning of the Act, the ALJ employs a five-step inquiry defined in 20 C.F.R. § 404.1520. Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact she is precluded from performing her past relevant work, but at step five of the inquiry, which is the focus of this case, the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile. *Id*. at 474.

the denial decision. [Tr. 27.] At Step 2, the ALJ found that Gray suffered from severe impairments related to the residuals of knee replacement surgery, degenerative disc disease, a history of deep vein thrombosis, and obesity. *Id*. At Step 3, the ALJ found that Gray's impairments did not meet or equal one of the listed impairments. [Tr. 28.] At Step 4, the ALJ determined that Gray possessed the residual functional capacity ("RFC") to perform a restricted range of sedentary level work but could not return to any of her past relevant work. [Tr. 28, 31.] At Step 5, the burden of coming forward with evidence shifted to the Commissioner. *Jones*, 336 F.3d at 474. Here, the ALJ concluded that there were a significant number of jobs in the economy which Gray could still perform based on the testimony of the VE. [Tr. 32.] Accordingly, on August 27, 2010, the ALJ issued an unfavorable decision, finding that Gray was not disabled, and therefore, ineligible for DIB. [Tr. 32-33.] The Appeals Council declined to review the ALJ's decision on February 15, 2012, [Tr. 1-3] and Gray now seeks judicial review in this court.

## II.

### A.

This Court's review is limited to whether there is substantial evidence in the record to support the ALJ's decision. 42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003). "Substantial evidence" is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs*., 25 F.3d 284, 286 (6th Cir. 1994). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

In determining the existence of substantial evidence, courts must examine the record as a whole. *Id*. However, courts are not to conduct a *de novo* review, resolve conflicts in evidence, or make credibility determinations. *Id*. Rather, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

**B.**

Gray argued that the ALJ erred by failing to mention the opinion of Dr. Michael Fain, a treating source, who identified a number of very severe physical restrictions on a February 8, 2010 Physical Residual Functional Capacity Questionnaire including the need to elevate her legs to the level of the heart for fifty percent of the workday. [Tr. 643-47.] These are more severe physical restrictions than those found by the ALJ and presented to the VE. [Tr. 28, 55-56.] Under the federal regulations, a treating physician's opinion is normally entitled to superior weight and when this opinion is not given such deference, the ALJ is required to cite good reasons for this action. 20 C.F.R. § 404.1527(d)(2). The Sixth Circuit Court of Appeals has found that the failure of the administration to follow its own procedural requirements can constitute reversible error even if the case is otherwise supported by substantial evidence. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546 (6th Cir. 2004). Not only did the ALJ fail to cite reasons for rejecting Dr. Fain's opinion, but he was not mentioned at all in the denial decision. [Tr. 25-33.] The defendant concedes the issue and moves for an entry of judgment with

remand. [R. 12.] The plaintiff objects to the defendant's motion and asserts that the court should reverse the administrative decision and award her DIB.

The Court finds that a remand of the action for further consideration as sought by the defendant is the appropriate remedy. An award of benefits rather than remand is appropriate only when all factual issues have been resolved and the evidence of disabled status is overwhelming in favor the plaintiff. *Newkirk v. Shalala*, 25 F.3d 316, 318 (6th Cir. 1994). In the present action, Dr. James Baumberger noted less severe physical restrictions than those found by Dr. Fain, after a March 21, 2008 physical examination. [Tr. 521-28.] Dr. Mark Ruiz [Tr. 529-36] reviewed the record in April of 2008 and also reported less severe physical restrictions than those of Dr. Fain. [Tr. 529-36.] Dr. Ruiz's opinion was affirmed by Dr. Bruce Whitley, another reviewer, in June of 2008. [Tr. 585.] Since the evidence of record is not overwhelming in favor of disability, a remand of the action of further consideration is appropriate.

### III.

Accordingly, and the Court being sufficiently advised, it is hereby ordered as follows:

(1) Defendant's motion for entry of judgment with remand [R. 12] is **GRANTED**;

(2) Plaintiff's Motion for Summary Judgment [R. 9] is **GRANTED** to the extent that it seeks a remand of the action for further consideration and **DENIED** to the extent it seeks an immediate award of DIB; and,

(3) **JUDGMENT** in favor of the plaintiff will be entered contemporaneously herewith.

This 10th day of January, 2013.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge